WHITTLE v. SALUDA COUNTY.

1. COSTS.—A SHERIFF cannot charge the county for an unsuccessful search of a witness or a defendant under a warrant. Rev. Stat., 2561, *construed.*

2. IBID.—A SHERIFF can charge the county only one dollar for arresting all witnesses named in one arrest warrant for witnesses.

Before WATTS, J., Saluda, May, 1899.    Modified.

Action by M. A. Whittle, sheriff, against Saluda County for costs. From order of Circuit Court, upon appeal of plaintiff from action of county commissioners, the defendant appeals.

*Mr. Eugene W. Able,* for appellant, cites: Rev. Stat. 2561, 2562.

*Mr. J. B. Hunter,* contra.

March 7, 1900.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    Saluda County has appealed from so much of the decretal order, passed in this action by Judge Watts, on the 4th day of May, 1899, as allowed M. A. Whittle, as sheriff of said county, a fee of fifty cents for every unsuccessful search made for a witness or a person charged with a crime, for either of whom he held in his office an arrest warrant, and also which allowed said Whittle, as sheriff, a fee of one dollar each for every witness arrested and bound over to appear and testify, when there is more than one witness named in said warrant.

It has been repeatedly held by this Court that "costs" and "fees" are the creatures of statutory law, and, therefore, where any one claims an allowance of either or both, he must be prepared to lay his finger upon some statute as authority for such claim. The respondent bases his claim to the fee of fifty cents for every unsuccessful search made for a witness or a person charged with a crime under a warrant of arrest lodged in his office upon section 2561 of the Revised Statutes, which provides: "Search for persons or goods not found, and return on the execution of *non est inventus* or *nulla bona,* fifty cents * * *" This position is not tenable, because, in the first place, this Court, in the case of *Green* v. *Anderson County,* 56 S. C., 411, has

held that this provision in such section does not relate to process in the hands of a sheriff from a magistrate; and, in the second place, this provision here relied upon, clearly relates to an unsuccessful search for persons and goods under an execution issuing from the Court on its civil side, and not on its criminal side, and not to warrants; and inasmuch as the charges here made are based on *warrants* and not under *executions,* they, therefore, cannot be sustained as falling under the provisions of section 2561 of vol. 1 of the Revised Statutes of this State.

We will now consider the second ground of appeal, which questions the decision of the Circuit Judge, where he allowed the respondent, as sheriff, to charge one dollar for the arrest of each witness whose name was contained in one warrant for the arrest of witnesses. *Green* v. *Anderson County, supra,* did not pass upon this question directly, for by its terms it was confined to the question of the mileage to which a sheriff was entitled when acting under section 2562 of the Revised Statutes. The language of section 2561 of the Revised Statutes requires that sheriffs and their deputies shall only be allowed such fees and costs as constables can claim in the service of papers issuing out of magistrate's courts. Inasmuch as all the warrants for the arrests of witnesses issue from magistrate's courts, it follows that sheriffs are limited for their services in arresting under such warrants to the fees of constables for similar services. And the language of section 2562, *supra,* clearly limits constables to a fee of one dollar "for serving warrants for witnesses in any criminal cases upon all the persons included in said warrant * * *" The decretal order of Judge Watts must, therefore, be so modified as to deny the sheriff the costs and fees covered by these grounds of appeal.

It is the judgment of this Court, that the decretal order of Judge Watts be modified as herein required, and that the action be remanded to the Circuit Court for this purpose.